This is an action of debt on a replevin bond, and a verdict for the plaintiff. The defendant moves an arrest of judgment, because "the bond upon which the verdict was taken was a replevin bond, taken by Thomas Summers as constable, of the defendant Parker, and not assigned by Summers to Witherspoon, and an action of debt, brought *Page 419 
on the same; whereas a scire facias should have issued, and an opportunity been given defendant to have surrendered his principal in discharge of himself."
I am of opinion the judgment should be arrested.
The Legislature, in its act commonly called the Court Law, 1777, ch. 2, sec. 19, says: "All bail taken according to the directions of this act shall be deemed, held, and taken to be special bail; but the (581) plaintiff, after final judgment, shall not take out execution against such bail until an execution shall be first returned that the defendant is not to be found in his proper county, and until a scire facias
against the bail." Debt will not lie on a bail bond in this State as the above act of Assembly mentions expressly that the bail shall not be subject to an execution until a scire facias shall be returned. The same construction of this act was made by Judge Johnston, Hunter v. Hill,3 N.C. 223. By the same act of Assembly, 1777, ch. 2, sec. 30, it is said a defendant "upon giving special bail may replevy the estate so attached and plead to issue." It appears to me that the same and only the same remedy is to be had in this case as in any other case against "special bail." This opinion is supported by Hightour v. Murray, 2 N.C. 21. Let the judgment be arrested.
The rest of the Court concurred.